IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:20-CV-58-BO

| | |
|---|---|
| JACQUELINE HINNANT, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | ORDER |
| ) | |
| KILOLO KIJAKAZI, ) | |
| *Commissioner of Social Security*,[1] ) | |
| ) | |
| Defendant. ) | |

This cause comes before the Court on cross-motions for judgment on the pleadings. [DE 18, 22]. A hearing was held on these matters before the undersigned on September 16, 2021, at Edenton, North Carolina. For the reasons discussed below, the plaintiff's motion for judgment on the pleadings is granted and defendant's motion is denied.

## BACKGROUND

Plaintiff brought this action under 42 U.S.C. § 405(g) for review of the final decision of the Commissioner denying her application for period of disabled widow's benefits as well as supplemental security income benefits pursuant to Titles II and XVI of the Social Security Act. Plaintiff alleged a disability onset date of February 1, 2012. After initial denials, plaintiff proceeded to a hearing before an Administrative Law Judge (ALJ), after which the ALJ issued an unfavorable ruling. The ALJ's decision became the final decision of the Commissioner when the Appeals Council denied plaintiff's request for review. Plaintiff then sought review of the Commissioner's decision in this Court.

---

[1] Kijakazi has been substituted as the proper defendant pursuant to Fed. R. Civ. P. 25(d).

## DISCUSSION

Under the Social Security Act, 42 U.S.C. § 405(g), this Court's review of the Commissioner's decision is limited to determining whether the decision, as a whole, is supported by substantial evidence and whether the Commissioner employed the correct legal standard. *Richardson v. Perales,* 402 U.S. 389, 401 (1971). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Johnson v. Barnhart,* 434 F.3d 650, 653 (4th Cir. 2005) (per curiam) (internal quotation and citation omitted).

An individual is considered disabled if he is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 1382c(a)(3)(A). The Act further provides that an individual "shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. § 1382c(a)(3)(B).

Regulations issued by the Commissioner establish a five-step sequential evaluation process to be followed in a disability case. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). The claimant bears the burden of proof at steps one through four, but the burden shifts to the Commissioner at step five. *See Bowen v. Yuckert,* 482 U.S. 137, 146 n.5 (1987). If a decision regarding disability can be made at any step of the process the inquiry ceases. *See* 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4).

At step one, if the Social Security Administration determines that the claimant is currently engaged in substantial gainful activity, the claim is denied. If not, then step two asks whether the

2

claimant has a severe impairment or combination of impairments. If the claimant has a severe impairment, it is compared at step three to those in the Listing of Impairments ("Listing") in 20 C.F.R. Part 404, Subpart P, App. 1. If the claimant's impairment meets or medically equals a Listing, disability is conclusively presumed. If not, at step four, the claimant's residual functional capacity (RFC) is assessed to determine if the claimant can perform his past relevant work. If the claimant cannot perform past relevant work, then the burden shifts to the Commissioner at step five to show that the claimant, based on his age, education, work experience, and RFC, can perform other substantial gainful work. If the claimant cannot perform other work, then he is found to be disabled. *See* 20 C.F.R. § 416.920(a)(4).

After determining that plaintiff has not engaged in substantial gainful activity at step one, the ALJ found that plaintiff had severe impairments – hypertension, Hepatitis C, rheumatoid arthritis, inflammatory polyarthropathy, obesity, depressive disorder, anxiety disorder, and post-traumatic stress disorder – that did not meet or medically equal the severity of one of the listed impairments. The ALJ found that plaintiff could perform medium work with both exertional and nonexertional limitations as follows: frequently push, pull, and operate hand controls with both upper extremities; occasionally climb ramps and stairs, but precluded from climbing ropes, ladders, and scaffolds; frequently balance, stoop, kneel, and crouch; occasionally crawl; frequently reach, reach overhead, handle objects, finger, and feel bilaterally; occasional exposure to unprotected heights, hazardous machinery, or hazardous moving mechanical parts; limited to simple, routine, repetitive tasks, but not a production rate pace and only frequent interaction with the public; and would be off task no more than ten percent of the workday, in addition to normal

3

breaks. The ALJ found that plaintiff had no past relevant work and determined at step five that jobs existed in significant numbers in the national economy which plaintiff could perform.[2]

Plaintiff argues that the ALJ failed to sufficiently explain how he determined several aspects of plaintiff's RFC, preventing this Court from conducting a meaningful review of his decision. *Radford v. Colvin*, 734 F.3d 288, 296 (4th Cir. 2013). The Court agrees that, at a minimum, the ALJ failed to sufficiently explain what is intended by restricting plaintiff from work at a production rate pace or the basis for finding that plaintiff would be off-task ten percent of the day and that remand is necessary.

An RFC assessment must be based on all of the relevant medical and other evidence. 20 C.F.R. § 404.1545(a). An RFC should reflect the most that a claimant can do, despite the claimant's limitations. *Id*. An ALJ's decision "must include a narrative discussion describing how the evidence supports each conclusion, citing specific medical facts (e.g., laboratory findings) and nonmedical evidence (e.g., daily activities, observations)." *Woods v. Berryhill*, 888 F.3d 686, 694 (4th Cir. 2018) (quoting *Mascio v. Colvin*, 780 F.3d 632, 636 (4th Cir. 2015)). In other words, the ALJ must both identify evidence that supports his conclusion and "build an accurate and logical bridge from [that] evidence to his conclusion." *Woods*, 888 F.3d at 694 (quoting *Monroe v. Colvin*, 826 F.3d 176, 189 (4th Cir. 2016)).

The ALJ found that plaintiff had moderate limitations in the ability to maintain concentration, persistence, and pace, and limited plaintiff to simple, routine, repetitive tasks. However, the limitation to simple, routine, repetitive tasks does not by itself address a claimant's ability to stay on task. *Mascio*, 780 F.3d at 638. The ALJ also limited plaintiff to non-production

---

[2] The ALJ found that plaintiff could work as a store laborer, laundry worker, and industrial cleaner.

4

rate work, but failed to define what that term means. As the Fourth Circuit has explained, when an ALJ fails to provide enough descriptors to allow a court to understand what a non-production rate pace means, the court is unable to determine whether substantial evidence supports the Commissioner's decision. *Thomas v. Berryhill*, 916 F.3d 307, 312 (4th Cir. 2019); *see also Perry v. Berryhill*, 765 F. App'x 869, 872 (4th Cir. 2019).

The Commissioner contends that this case is distinguishable from *Thomas* and *Perry* because the ALJ included sufficient descriptors to allow the Court to evaluate the decision. Specifically, the Commissioner contends that the ALJ's additional limitations to only frequent interaction with the public and permitting plaintiff to be off-task ten percent of the time account for plaintiff's difficulty staying on task. But these limitations do not provide the Court with an understanding of what non-production rate work is. *See Perry*, 765 F. App'x at 872 (remand necessary where "the ALJ offered no explanation of her own for what she meant when she used the phrase 'non-production oriented work setting' in assessing [] residual functional capacity.").

The ALJ further failed to offer any explanation as to where he derived that plaintiff would be off-task ten percent of the time. As argued by plaintiff, the only reference to being off-task in the decision or hearing transcript is when the ALJ asks the vocational expert how much a person can be off task, in addition to normal breaks, and remain employable and the expert responded "Up to 10%." Tr. 87; Tr. 31. "Given that any higher of an off-task rate would likely preclude work, explaining why ten percent was appropriate is imperative." *Fauber v. Colvin*, No. 6:15-CV-16, 2016 WL 8736904, at *4 (W.D. Va. Aug. 12, 2016), *report and recommendation adopted sub nom. Fauber v. Comm'r of Soc. Sec.*, No. 6:15-CV-00016, 2016 WL 4537945 (W.D. Va. Aug. 30, 2016).

5

The ALJ failed to build a logical and accurate bridge between the evidence and his RFC determination. Remand for further proceedings is therefore required. Because the Court has determined that remand is appropriate based upon some of plaintiff's assignments of error, it declines to consider her remaining arguments. However, the Court has affirmed no portion of the ALJ's decision so that the ALJ may consider all of the evidence on remand.

## CONCLUSION

Having conducted a full review of the record and decision in this matter, the Court concludes that remand is necessary. Accordingly, plaintiff's motion for judgment on the pleadings [DE 18] is GRANTED and defendant's motion [DE 22] is DENIED. This matter is REMANDED to the Commissioner for further proceedings consistent with the foregoing.

SO ORDERED, this __23__ day of September, 2021.

*Terrence Boyle*
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE